*Friday, October 9, 1998*

## DISCIPLINARY DOCKET

**98–664.   Cincinnati Bar Assn. v. Adjustment Serv. Corp.**

On April 7, 1998, movant filed a motion to show cause why respondent should not be punished for contempt for failure or refusal, without just cause or just excuse, to obey the commands of the court to appear in response to the subpoena *duces tecum* issued by the Board of Commissioners on the Unauthorized Practice of Law and to produce the documents the production of which was ordered by the subpoena *duces tecum.*

IT IS ORDERED by the court, *sua sponte,* that the Board of Commissioners on the Unauthorized Practice of Law be granted leave to intervene.

IT IS FURTHER ORDERED by the court, *sua sponte,* that the Board of Commissioners on the Unauthorized Practice of Law file an *amicus* brief, discussing the issues raised in the motion, within twenty days of the date of this entry.

**98–666.   Cincinnati Bar Assn. v. Fuqua.**

On April 7, 1998, movant filed a motion to show cause why respondent should not be punished for contempt for failure or refusal, without just cause or just excuse, to obey the commands of the court to appear in response to the subpoena *duces tecum* issued by the Board of Commissioners on the Unauthorized Practice of Law and to produce the documents the production of which was ordered by the subpoena *duces tecum.*

IT IS ORDERED by the court, *sua sponte,* that the Board of Commissioners on the Unauthorized Practice of Law be granted leave to intervene.

IT IS FURTHER ORDERED by the court, *sua sponte,* that the Board of Commissioners on the Unauthorized Practice of Law file an *amicus* brief, discussing the issues raised in the motion, within twenty days of the date of this entry.

**98–1670.   In re Griffith.**

On September 24, 1998, this court suspended respondent, Curtis Griffith, a.k.a. Curtis Griffith, Jr., for an interim period pursuant to Gov.Bar R. V(5)(A)(4).   On October 1, 1998, the Board of Commissioners on Grievances and Discipline submitted an entry pursuant to Gov.Bar R. V(5)(D)(1)(C) notifying this court that respondent no longer was in default of the child support order previously submitted to the court.   Upon consideration thereof,

IT IS ORDERED by the court that pursuant to Gov.Bar R. V(5)(D)(1), respondent, Curtis Griffith, a.k.a. Curtis Griffith, Jr., Attorney Registration No. 0030707, be reinstated to the practice of law.

IT IS FURTHER ORDERED that pursuant to Gov.Bar R. V(5)(D)(2) reinstatement of respondent shall not terminate any pending disciplinary proceedings against respondent.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

## MISCELLANEOUS DISMISSALS

**98–550.   State ex rel. Lupo v. Butler Cty. Educational Serv. Ctr. Governing Bd.**

In Mandamus.   This cause originated in this court on the filing of a complaint for a writ of mandamus.   Upon consideration of relators' application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**98–918.   In re Adoption of Eblin.**

Marion App. No. 9–97–64.   This cause is pending before the court as an appeal from the Court of Appeals for Marion County.   It appears from the records of this court that appellant has not filed a